UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| MARTIN SCOTT BURNETT and | ) | |
| LEONARD BRADLEY WARREN, | ) | |
| | ) | Civil Action No. 6: 06-482-DCR |
| Plaintiffs, | ) | |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM ORDER** |
| GARY MARTIN, et. al, | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant Gary T. Partin's motion for summary judgment or, in the alternative, motion for partial dismissal. [Record No. 7] The Plaintiffs initially filed this action against Kentucky State Trooper "Gary Martin or Partin" and an unknown trooper alleging excessive force in connection with the Plaintiffs' arrest on or about November 1, 2005. [Record No. 1] According to their Complaint, the Plaintiffs do not know whether the name of one of the troopers involved was "Gary Partin" or "Gary Martin", but believe that they can identify the proper Defendants through photographs and work records. [Record No. 1, p. 4]

Upon receipt of the Plaintiff's Complaint, Defendant Partin filed the instant motion for summary judgment asserting that he was not involved in the alleged incident on November 1, 2005. In addition, Trooper Partin attached his work schedule, a photograph, and an affidavit stating that he was not scheduled to work on the night in question or assigned to the Kentucky

-1-

Dockets.Justia.com

State Police Post where the Defendants were taken. [Record No.7, Ex. 2] The Plaintiffs have not responded to Trooper Partin's motion within the time provided by the local rules,[1] and the matter stands submitted to the Court at this time.

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "Although the moving party has the burden of showing conclusively that no genuine issue of material fact exists, all facts and inferences must be viewed in a light most favorable to the nonmoving party. *Keeneland Ass'n, Inc. v. Earnes*, 830 F. Supp. 974, 983 (E.D.Ky. 1993). However, once a moving party has met its burden of production, "'its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Keeneland Ass'n, Inc.*, 830 F. Supp. at 984 (E.D.Ky. 1993) (*citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986)). The nonmoving party cannot rely upon the assertions in its pleadings; rather that party must come forward with probative evidence, such as sworn affidavits to support its claims. *Celotex*, 477 U.S. at 324 ("Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'").

---

[1] LR 7.1(c) provides, in relevant part, that the "[f]ailure to file an opposing memorandum may be grounds for granting the motion."

Here, Defendant Partin has met his burden of production, and the Plaintiffs have not presented any evidence to show that a genuine issue of material fact exists. Accordingly, it is hereby **ORDERED** as follows:

1. Defendant Partin's motion for summary judgment [Record No. 7] is **GRANTED**. The alternative relief requested [partial dismissal] is **DENIED**, as moot.

2. The Plaintiffs claims against Defendant Partin are **DISMISSED** with prejudice.

This 26th day of February, 2007.

Signed By:
*Danny C. Reeves* DCR
United States District Judge