UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| MARTIN SCOTT BURNETT and ) | |
| LEONARD BRADLEY WARREN, ) | |
| ) | Civil Action No. 6: 06-482-DCR |
| Plaintiffs, ) | |
| ) | |
| V. ) | |
| ) | **MEMORANDUM OPINION** |
| GARY MARTIN, et. al, ) | **AND ORDER** |
| ) | |
| Defendants. ) | |

*** *** *** ***

This matter is pending for consideration of Defendant Gary Martin's Motion to Dismiss for failure to effect service of summons. [Record No. 13] In addition, the Plaintiffs have filed a Motion for Leave to Reissue Summons and a Motion to Compel. [Record Nos. 15, 19] Having reviewed the parties' briefs and the applicable law, the Court will grant the Plaintiffs' motions, in part, and deny Defendant Martin's Motion to Dismiss.

**I.    Background**

The Plaintiffs initially filed this action against Kentucky State Trooper "Gary Martin or Partin" and an unknown trooper on October 31, 2006, alleging excessive force in connection with the Plaintiffs' arrest on or about November 1, 2005. [Record No. 1] According to the complaint, the Plaintiffs did not know whether the name of one of the troopers involved was "Gary Partin" or "Gary Martin", but they believed they could identify the proper Defendants through photographs and work records. [Record No. 1, p. 4]

Defendant Partin was served by the Plaintiffs on January 23, 2007. [Record No. 4] Thereafter, he filed a Motion to Dismiss and submitted a photograph and other documentation indicating that he was not involved in the incident on November 1, 2005. [Record No. 7] The Plaintiffs did not object to Partin's motion, and the Court entered an Order on February 26, 2007, dismissing the Plaintiffs' claims regarding that Defendant. [Record No. 8]

However, the Plaintiffs failed to serve Defendant Martin within the time permitted by the Federal Rules of Civil Procedure. As a result, on July 3, 2007, Martin filed a motion to dismiss the Complaint pursant to Rule 4(m). In addition, he attached a photograph, a work schedule, and an affidavit stating that he was not involved in the alleged incident. [Record No. 13] The Plaintiffs object to the proposed dismissal and contend that Martin is one of the officers who assaulted them and that good cause can be shown for their failure to serve him within the requisite time. Specifically, they claim that Martin has been avoiding service of process.

The Plaintiffs further request that this Court grant them an additional 30 days to effectuate service and compel counsel for Martin to accept service on his behalf and on behalf of the unknown trooper (when he is identified). Finally, the Plaintiffs seek an Order compelling counsel for the Defendants to provide photos and time records of all state police officers working on November 1, 2005. In his response to the Plaintiff's Motion to Compel, counsel for Martin states that he has already supplied the requested photographs and any other information related to who was involved in the alleged incident. Therefore, he contends that the Motion to Compel should be denied, as moot.

**II.     Discussion**

As amended, Rule 4(m) provides that if service "is not made on a defendant within 120 days after the filing of the complaint, the court . . . shall dismiss the action without prejudice to that defendant or direct that service be effected within a specific time." Fed. R. Civ. P. 4(m) (2007). The rule further states that, "if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." *Id*. In dicta, the United States Supreme Court has interpreted the amended rule to "permit[] a district court to enlarge the time for service 'even if there is no good cause shown.'" *Henderson v. United States*, 517 U.S. 654, 658 n. 5 (1996) (*quoting* Fed. R. Civ. P. 4, Advisory Committee Notes); *see also Osborne v. First Union Nat'l Bank of Del.*, 217 F.R.D. 405, 407 (S.D. Ohio 2003) (noting that "Rule 4(m) provides a district court with the discretion to extend the time for service of process even without a showing of good cause").

In the present case, it is undisputed that the Plaintiffs failed to effectuate service within the time permitted by Rule 4(m). However, the Plaintiffs contend that Martin has avoided service from their process server, Knox County Constable Carl Bolton ("Constable Bolton"). In support, the Plaintiffs submitted an affidavit from Constable Bolton stating that,

> [a]fter various attempts, including leaving messages for Gary Martin by telephone, communication with other State Police law enforcement to Gary Martin, and being unable to locate Gary Martin in person, I was unable to serve said Summons prior to the 120 day deadline of service.

[Record No. 14, Ex. 6] Additionally, the Plaintiffs contend that counsel for Martin agreed to accept service on behalf of Martin in June, 2007, and that they sent a summons electronically on June 26, 2007.

In response, Martin claims that he has not tried to avoid service and that counsel for Martin never received the e-mail dated June 26, 2007. In his Reply, counsel for Martin states that he has been unable to locate the e-mail and that he may not have received it due to the size of the attachments or that he might have deleted it accidentally. Martin further contends that any alleged service to counsel on Martin's behalf in June 2007, is irrelevant to whether the claims against Martin should be dismissed under Rule 4(m).

The determination of whether a plaintiff has demonstrated good cause for failing to timely effectuate service is committed to the sound discretion of the district court. *Friedman v. Estate of Presser*, 929 F.2d 1151, 1157 (6th Cir. 1991). "To demonstrate good cause, a plaintiff must show at least excusable neglect." *Becker v. Wilkinson*, 2006 U.S. Dist. LEXIS 95826 *9 (S.D. Ohio Aug. 3, 2006). However, the Sixth Circuit has held that "Rule 4(m) gives the district court discretion to grant an extension of time to serve the summons and complaint even in the absence of a showing of good cause." *Vergis v. Grand Victoria Casino & Resort*, 199 F.R.D. 216, 218 (6th Cir. 2000). According to the Advisory Committee Notes to Rule 4, "[r]elief may be justified, for example, if the applicable statute of limitations would bar the refiled action." Fed. R. Civ. P. 4 Advisory Committee Notes (*citing Ditkof v. Owens-Illinois, Inc.*, 114 F.R.D 104 (E.D. Mich. 1987).

In *Vergis v. Grand Victoria Casino & Resort*, 199 F.R.D. 216, 218 (6th Cir. 2000), the Sixth Circuit identified several factors that may weigh in favor of granting a plaintiff an extension to serve the summons and complaint, including (1) whether the claims would be barred by the statute of limitations if dismissed; (2) whether the defendant had notice so that he is not

unfairly surprised by the suit; and (3) whether an extension would serve the "overall policy in this Circuit of resolving disputes on their merits." *Id.* Other courts have also considered length of time requested and whether the plaintiff made a good faith effort ro timely serve process. *See Becker*, 2006 U.S. Dist. LEXIS 95826, at *10-11.

The above-listed factors weigh in favor of granting the Plaintiffs an extension in the present case. As Martin notes in his Motion to Dismiss, the Plaintiffs' claims would be barred by the applicable statute of limitations if this action were dismissed without prejudice. Further, Martin admits that he received telephone messages from Constable Bolton, but did not return the calls. [Record No. 18, Ex. 2] Although it is not clear whether Martin had actual notice of the suit, he has not alleged any prejudice that would result from granting the Plaintiffs an extension of time to effectuate service. [*See* Record Nos. 13, 18] Finally, it appears that the Plaintiffs have made a good faith effort to serve Martin through Constable Bolton, and granting the Plaintiffs leave to reissue summons will serve the overall policy in this Circuit of resolving disputes on the merits. *See Vergis*, 199 F.R.D. at 218.

The length of the extension requested also weighs in favor of granting the motion for leave to reissue summons. The Plaintiffs have requested 30 days after counsel for Martin discloses the photographs and time cards of the officers who were working on November 1, 2005, and counsel for Martin claims that he has already disclosed that information. Accordingly, the Plaintiffs' Motion to Compel that information will be denied, as moot. Further, because counsel for Martin has already agreed to accept service on his behalf, the Motion to Compel will be granted as to that request. However, because counsel for Martin states that he has not been

retained to represent any Unknown Defendants, the Motion to Compel will be denied inasmuch as it requests counsel for Martin to accept service on behalf of the Unknown Defendant. [*See* Record No. 13, Ex.1]

### III.   Conclusion

For the foregoing reasons, it is hereby

**ORDERED** as follows:

1. Defendant Martin's Motion to Dismiss [Record No. 13] is **DENIED**.

2. The Plaintiffs' Motion for Leave to Reissue Summons [Record No. 15] is **GRANTED**. The Plaintiffs shall have 30 days within which to effectuate service on Defendant Martin and any Unknown Defendants.

3. The Plaintiffs' Motion to Compel [Record No. 19] is **GRANTED**, in part, to the extent that it requests the Court to direct counsel for Defendant Martin to accept service on his behalf. However, the Motion to Compel is **DENIED** inasmuch as it requests the Court to direct counsel for Martin to accept service on behalf of any Unknown Defendants. The Plaintiffs' Motion to Compel is further **DENIED**, as moot, regarding the request for disclosure of photographs and time records of the state police officers working on November 1, 2005.

This 24th day of July, 2007.



Signed By:
*Danny C. Reeves*   DCR
United States District Judge